150                   April 30, 2025                 No. 373

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

PRIME RESIDENTIAL
and the Frank Estate Apartments,
*Plaintiffs-Respondents,*

*v.*

Vlada NEAL
and all other occupants,
*Defendant-Appellant.*

Washington County Circuit Court
23LT04661; A181541

Theodore E. Sims, Judge.

Submitted April 1, 2025.

Trevor Robins filed the briefs for appellant.

Gordon Magella and Andor Law PC, filed the brief for respondents.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

After landlord sought to evict tenant, the trial court entered an order by stipulation as authorized by ORS 105.145(2) based on the parties' agreement that tenant could retain possession of the premises on the conditions set forth in the stipulated order. After landlord filed a declaration of noncompliance with the court, the trial court entered judgment awarding restitution to landlord, as provided in ORS 105.146(5). Tenant appeals, contending that the court erred in entering judgment (1) without ruling on tenant's pending motion to modify the stipulated order; (2) without holding a hearing on landlord's declaration of noncompliance; and (3) based on a stipulated agreement that, in tenant's view, does not conform to the requirements of ORS 105.146(2) and is otherwise unconscionable. Reviewing for legal error whether the trial court complied with the applicable statutory process in entering the judgment on appeal, we affirm.

By way of background, ORS 105.145 through 105.149 supply a process through which a landlord and a tenant can negotiate a settlement of an eviction proceeding that permits the tenant to retain possession of the premises contingent on compliance with the parties' agreement. When the parties reach an agreement under ORS 105.145(2), the trial court enters a stipulated order based on the agreement. That stipulated order then permits a landlord to "obtain and enforce a judgment of restitution based upon [the] order" if the tenant fails to comply, provided the stipulated order addresses only a limited range of obligations:

"(a)   Future performance or conduct as described in the order for a period of not more than six months following the entry of the order;

"(b)   Payment of past due rent and other past due amounts pursuant to a schedule provided in the order for a period of not more than six months following entry of the order;

"(c)   Payment of rent due for future rental periods that follow entry of the order pursuant to a schedule provided in the order for not more than the first three monthly rental periods following the order; and

"(d) Payment of any costs, disbursements or attorney fees pursuant to a schedule in the order."

ORS 105.146(2). If the tenant fails to comply with a proper stipulated order, and upon receipt of "an affidavit or declaration of noncompliance describing how the [tenant] has failed to comply," the court "shall enter a judgment of restitution" and the clerk of the court shall issue a "notice of restitution" to the tenant. ORS 105.146(4), (5). Upon receipt of the notice of restitution, the tenant may request a hearing to contest the landlord's entitlement to restitution on one or more of eight specified grounds, including, that the landlord is wrong about noncompliance; that the original agreement was unconscionable; or that the landlord and tenant had modified the agreement on their own. ORS 105.149(2) (listing issues that a tenant may raise at a hearing); ORS 105.148(2) (providing for a form for hearing requests that lists the issues a tenant may raise). If the court finds in favor of the tenant following the hearing, then the court must set aside the judgment of restitution. ORS 105.149(4).

In this case, based on the parties' agreement, the trial court entered a stipulated order under ORS 105.145(2) in March 2023. That order, which stated that it could be modified only by agreement of the parties, required tenant to comply with a payment plan by paying specified sums on specific dates in March, April, and May. On May 26, 2023, the date of the final payment under the terms of the agreement, tenant filed a "Motion for Modification of Stipulated Agreement Due to Unexpected Hardship," requesting an additional 28 days in which to pay the amount due. Four days later, landlord filed a declaration of noncompliance representing that that tenant failed to pay the sum due on May 26. Based on that declaration of noncompliance, as contemplated by ORS 105.146(2), the trial court entered a residential eviction judgment on June 1, awarding restitution of the premises to landlord. The same day, tenant filed a request for a hearing on the landlord's declaration of noncompliance, although the court had not yet issued a notice of restitution under ORS 105.146(2). Four days later, on June 5, the court issued the notice of restitution, which explained the steps tenant needed to take to request a hearing on the

declaration of noncompliance. Instead of requesting a hearing in accordance with the notice of restitution and ORS 105.148 and ORS 105.149, tenant appealed.

On appeal, tenant contends that the trial court erred in three respects: (1) by entering judgment before considering tenant's motion for modification; (2) by entering judgment without holding a hearing on tenant's request for a hearing on the declaration of noncompliance; and (3) by entering judgment based on a stipulated order that, in tenant's view, "contains a stipulation outside the limits of ORS 105.146(2)," and is unconscionable. Tenant contends that any one of these alleged errors requires reversal of the trial court's judgment.

We are not persuaded.

We start with tenant's contention that the stipulated order contained a "stipulation outside the limits of ORS 105.146(2)," making the ORS 105.146 process unavailable in this case, such that the trial court's entry of judgment pursuant to that process was in error.[1] In support of that argument, tenant points to the following provision in the stipulated order:

> "Any payment(s) made under this Agreement shall be made by an organizational or governmental payor (e.g. rent assistance) (noncertified funds acceptable), or by certified funds (cashier's check or money order) from the Defendant(s) or any combination thereof."

---

[1] Tenant did not raise this issue with the trial court before it entered the judgment of restitution. We consider it because the statutory process does not appear to afford the opportunity to raise it. Under that process, the court is required to enter judgment upon receipt of a declaration of noncompliance, so a tenant has no opportunity to object prior to entry of judgment. Although the process provides the opportunity for a hearing after entry of judgment, ORS 105.149 limits the issues that can be raised in the hearing process and does not on its face permit a tenant to question whether the stipulated order is one that is eligible to be enforced through that process in the first place. *See* ORS 105.149(2) (listing issues that a tenant may raise during the hearing); *see also* ORS 105.148(2) (specifying the form for a hearing request and identifying the issues a tenant permissibly may raise). Given those procedural limitations, we think it appropriate to consider tenant's assertion that the stipulated order was not one that allowed landlord to invoke the process under ORS 105.146. In other words, under these circumstances, tenant's ordinary obligation to preserve the issue is excused by the apparent lack of a cognizable procedural mechanism to present the issue to the trial court.

Tenant contends:

> "[t]hat provision germanely includes [a rental assistance program], which ran out of funding to provide the approved and expected payments of past due rental monies owed under the stipulated agreement. That stipulation pertains to performance by third-parties [*sic*] not under jurisdiction of this case or the stipulated agreement, and is clearly outside the scope of ORS 105.146(2)(a), (b), (c), and (d)."

Tenant's reading of the provision as "pertain[ing] to the performance of third parties" is not a tenable one. The plain text of the provision simply designates acceptable forms for the payments required by the agreement, stating that such payments can come from rental assistance programs or can come from certified funds provided by tenant themself. That specification regarding acceptable payment methods fits comfortably within ORS 105.146(2)(a), which allows for a stipulated order to address "[f]uture performance or conduct as described in the order for a period of not more than six months following the entry of the order." Tenant does not argue that any other provision of the parties' stipulated order falls outside of ORS 105.146(2), and we see none. The trial court, therefore, did not err in employing the ORS 105.146(2) process to enter judgment.

Our conclusion that the ORS 105.146(2) process applies to this case disposes of tenant's remaining claims of error because those claims of error rest on the predicate that the trial court should have departed from the statutory process.

Tenant asserts that the court erred in entering judgment without ruling on tenant's motion for modification. ORS 105.146, however, mandated the court to enter judgment upon receipt of landlord's declaration of noncompliance: "Upon receipt of a [landlord's] affidavit or declaration * * * [t]he court *shall* enter a judgment of restitution." ORS 105.146(5)(a) (emphasis added). It is not error for a court to comply with the plain directive of a statute, as the trial court did here. Moreover, tenant's motion was at odds with the terms of the stipulated order: "The terms of this agreement may only be changed by written agreement of the parties." To conclude that the trial court had the obligation

to consider tenant's motion to modify would undermine the statutory process addressing stipulated orders by allowing a tenant to, in effect, raise a defense to compliance that is outside of those identified in ORS 105.149(2) through a procedure not spelled out in the statutes themselves.

Tenant also argues that the trial court erred by entering judgment without first holding a hearing to permit tenant to contest the declaration of noncompliance. But, again, ORS 105.146(5) required the court to enter judgment upon receipt of the declaration of noncompliance. Under ORS 105.149, the hearing to which a tenant is entitled occurs *after* entry of judgment under ORS 105.146(5). Given the statutory scheme, the trial court did not err by entering judgment without first holding a hearing. To the extent tenant wished to contest the declaration of noncompliance or raise any of the other defenses to enforcement identified in ORS 105.149, tenant's recourse was to request the hearing provided for by those statutes and explained by the trial court in the notice of restitution.

That observation resolves tenant's remaining argument that the court erred in entering judgment because the stipulated order is unconscionable. Under ORS 105.149, a tenant may contest a judgment entered under ORS 105.146(2) on the ground that the stipulated agreement "is unconscionable as described in ORS 90.135." ORS 105.149 (2)(b)(A). Tenant's decision to appeal, rather than to invoke the hearing process to contest the restitution judgment, means that the issue of unconscionability is not properly before us. Moreover, unlike in *Hazelwood Station Apartments v. Sigler*, decided today, these are not circumstances in which the face of the stipulated order—which we have concluded complies with ORS 105.146(2)—raises concerns of unconscionability such that it would be appropriate for us to address the issue on our own motion as allowed under ORS 90.135. 340 Or App 168, 170-71, ___ P3d ___ (2025).

Affirmed.